# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| ANGEL MARIE LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:16-11632 |
| v. | ) |
| | ) |
| SOUTHERN REGIONAL JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's letter-form Motion for Voluntary Dismissal (Document No. 22), filed on February 6, 2017. By Order entered on December 2, 2016, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 7.)

## FACTUAL AND PROCEDURAL HISTORY

On November 10, 2016, Plaintiff, acting *pro se* and formerly incarcerated at the Southern Regional Jail, located in Beaver, West Virginia, filed in the Eastern District of Michigan her Complaint regarding alleged violations of her constitutional and civil rights pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) Plaintiff names the following as defendants: (1) Southern Regional Jail; (2) Correctional Officer Keffer; (3) Male Correctional Officer; (4) Warden Francis; (5) "Beckly County;" (6) Female Correctional Officer; (7) Male Correctional Officer;

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and (8) Unknown Correctional Officers. (Id.) By Order entered on December 1, 2016, the Eastern District of Michigan transferred the above matter to this District after determining that the events that formed the basis of Plaintiff's Complaint occurred in the Southern District of West Virginia. (Document No. 5.) By Order entered on December 5, 2016, the undersigned directed that Plaintiff "shall either pay the Court's filing fee ($350) and administrative fee ($50) totaling $400 or file the Application to Proceed *in Forma Pauperis* by January 2, 2017." (Document No. 8.) On December 14, 2016, Plaintiff filed her Application to Proceed *in Forma Pauperis*. (Document No. 15.) Plaintiff's Application, however, was deficient because the Certificate portion at the end of the Application was not completed. (Id.) By letter filed on the same day, Plaintiff stated that she had "no way to receive a signature from a Warden or any authorized person; the grievance and request system is a non-success." (Document No. 14.) On December 15, 2016, the undersigned ordered the officer at Scioto County Jail having responsibility for administering prisoner accounts to complete the Certificate portion at the end of Plaintiff's Application and return such to this Court. (Document No. 20.) Plaintiff's completed Application was returned to the Court on December 27, 2016. (Document No. 19.)

Upon screening Plaintiff's Complaint, the undersigned notified Plaintiff if she wished to proceed with her Section 1983 claim, she should amend her Complaint to name "persons" as defendants and state specific facts as to how each defendant violated her constitutional rights. (Document No. 20.) Thus, the undersigned directed Plaintiff to "amend her Complaint to name 'persons' as defendants, to specifically set forth her constitutional claims, and state specific facts as to how each defendant violated her constitutional rights." (Id.) On February 6, 2017, Plaintiff filed a letter-form Motion for Voluntary Dismissal. (Document No. 22.) Specifically, Plaintiff states that she wishes to dismiss this case without prejudice. (Id.) Plaintiff indicates that she does

not yet know the names of all individuals she wishes to name as defendants and she needs time to "receive the information from another source."[2] (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.[3]

---

[2] Plaintiff further requests that the Court advise her as to how to conduct an investigation or discovery in the above case. The Court is prohibited from providing legal advice or advising parties as to how to prosecute their claims. The Court, however, provided Plaintiff with a copy of the "Pro Se Handbook" on January 3, 2017. (Document No. 20, p. 3.) Plaintiff should review Section 3.5, "Am I Able to Determine and Name the Proper Defendants for My Action," and Section 7, "Gathering Information." Discovery under the Federal Rules of Civil Procedure is improper prior to Defendants being served with process. Plaintiff's claims in Civil Action No. 5:16-11632 appear to be the same as the claims asserted in Civil Action No. 5:15-11767. The undersigned notes that Plaintiff had the ability to name four individual defendants in Civil Action No. 5:15-11767. Furthermore, Plaintiff requested and was provided a copy of her Complaint in Civil Action No. 5:15-11767 on November 29, 2016, approximately 19 days after she filed her Complaint in Civil Action No. 16-11632. (Civil Action No. 5:15-11767, Document Nos. 18 and 19.)

[3] On August 4, 2015, Plaintiff, proceeding *pro se*, filed a Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Civil Action No. 5:15-11767, Document No. 1.) Plaintiff named the following as Defendants: (1) The Southern Regional Jail; (2) Ms. Keffner; (3) Mr. Michael Francis; (4) Sgt. Vandel; and (5) Ms. Poff. (*Id.*) Plaintiff complained that Defendants violated her constitutional rights by improperly taking her personal property, denying her appropriate medical treatment, engaging in retaliatory conduct, denying her access to the law library, using unnecessary and excessive force, and improperly placing her in segregation. (Id.) Two days later, on August 7, 2015, Plaintiff filed her letter-form Motion to Dismiss. (*Id.*, Document No. 8.) Specifically, Plaintiff stated as follows: "I apologize that I have mailed the complaint. I do not want to file the complaint at this time. I will need to go over the complaint with my recent counsel. Please do not file the complaint." (*Id.*) By Proposed Findings and Recommendation filed on August 10, 2015, United States Magistrate Judge R. Clarke VanDervort recommended that Plaintiff's letter-form Motion to Dismiss be granted and that her

3

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's letter-form Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(2) and that the instant civil action be dismissed without prejudice. Although the undersigned acknowledges that "two dismissal" rule applies where an action has twice been dismissed against a defendant, the undersigned finds that the circumstances of the above case does not justify dismissal with prejudice. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384,

---

Complaint be dismissed without prejudice. (*Id.*, Document No. 9.) By Memorandum Opinion and Order entered on September 16, 2015, United States District Judge Irene C. Berger adopted Judge VanDervort's recommendation and dismissed Plaintiff's Complaint without prejudice. (*Id.*, Document Nos. 15 and 16.)

110 S.Ct. 384, 110 L.Ed.2d 359 (1990)("If the *plaintiff invokes Rule 41(a)(1)* a second time for an 'action based on or including the same claim,' the action must be dismissed with prejudice.")(emphasis added); also see Gabheart v. Craven Regional Medical Center, 73 F.3d 357 (4th Cir. 1995)(recognizing that the "two-dismissal rule" is based upon *Rule 41(a)(1)* provision that "notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state action based on or including the same claim")(emphasis added). In Plaintiff's first action (Civil Action No. 5: 15-11767), Plaintiff requested dismissal nearly immediately after filing the action. (Civil Action No. 5:15-11767, Document No. 8.) Specifically, two days after filing the Complaint, Plaintiff requested that her Complaint not be filed. (Id.) Although the Court could not un-file Plaintiff's Complaint, the Court construed the request as a Motion to Voluntary Dismissal. (Id., Document Nos. 8 and 9.) Plaintiff's first action was then dismissed by Court Order. (Id., Document No. 15 and 16.) "It is widely accepted that the two-dismissal rule only applies to dismissals by notice. 'It does not apply to a dismissal by stipulation, nor to an involuntary dismissal, nor to a dismissal by a district court order under Rule 41(a)(2).'" Merz North American, Inc. v. Gytophil, Inc., 2017 WL 1194457 (E.D.N.C. Feb. 16, 2017)(citations omitted). Furthermore, given the above circumstances and Plaintiff's *pro se* status, the undersigned finds that dismissal with prejudice would not serve the purpose of preventing duplicative, wasteful and harassing litigation. See American Cyanamid Co. v. McGhee, 317 F.2d 295, 298 (5th Cir. 1963)(discussing the court's discretion, under former version of Rule 41, to grant a motion to dismiss upon "such terms and conditions as the court deems proper"); Fed. R. Civ. P. 41(a)(2)(authorizing the court to dismiss an action "at the plaintiff's request . . . on terms that the court considers proper"); Kuhn v. Williamson, 122 F.R.D. 192 (E.D.N.C. July 29, 1988)("[T]he two dismissal rule aims at

protecting a defendant from the harassment of repetitive lawsuits.").

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's letter-form Motion for Voluntary Dismissal (Document No. 22), **DENY as moot** Plaintiff's Application to Proceed Without Prepayment of Fees (Document Nos. 15 and 19), **DISMISS** Plaintiff's Complaint (Document No. 1) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 2, 2017.

Omar J. Aboulhosn
United States Magistrate Judge